UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CAROLYN PATTON

    Plaintiff,

V.                                                                              CIVIL ACTION NO

GLOBAL CREDIT & COLLECTION CORPORATION

Defendant.                                                          MAY 7, 2010

## COMPLAINT

**FIRST COUNT:**

   1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. §1331 and §1367.

   3. Plaintiff is a natural person who resides in Baltimore, Maryland.

   4. Plaintiff is a consumer within the FDCPA.

   5. Defendant is a debt collector within the FDCPA, who has a place of business 300 INTERNATIONAL DR., SUITE 100, P.M.B. 10015 WILLIAMSVILLE, NY 14221-0000.

   6. Defendant is a collector within the MCDCA.

7. Defendant communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt.

8. In the collection efforts, the Defendant violated the FDCPA, inter alia, section 1692e, f and g.

9. Defendant <u>failed</u> to mail or caused to be mailed, an initial written communication, including the required validation of debt clause, as required by §1692g.

10. Defendant failed to advise the plaintiff the amount of the alleged debt owed, in violation of §1692g.

11. Defendant is mischaracterizing the amount, character and legal status of the amount allegedly owed by the plaintiff to the creditor, in violation of §1692 e (2)(A).

12. Defendant called the place of employment of the Plaintiff's mother, despite repeated notice she was not able to receive personal calls at work.

13. Defendant called the place of employment of the Plaintiff's mother numerous and excessive times <u>daily</u>, despite being advised not to call her at work any longer.

14. Defendant failed to provide the required notice pursuant to §1692e (11) in every communication with the Plaintiff.

## **SECOND COUNT:**

17. The allegations of the First Count are repeated and realleged as if fully set forth herein.

18. Within three years prior to the date of this action Defendant has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA");

**THIRD COUNT:**

19. The allegations of the First Count are repeated and realleged as if fully set forth herein.

20. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff such damages as are permitted by Fair Debt Collection Practices Act, including $1,000 statutory damages against the defendant;

2. Award Plaintiff such damages as are permitted by the Maryland Consumer Debt Collection Act § 14-204 et seq., against the defendant;

3. Award Plaintiff such damages as are permitted by the Consumer Practices Act §13-301 et seq., against the defendant;

4. Award the Plaintiff costs of suit and a reasonable attorney's fee;

5. Award any further relief as this Court may provide.

THE PLAINTIFF

BY_____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com